IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

MARK COUCHMAN,　　　　　　DEBTOR.　　　　　Case # 07-11101
　　　　　　　　　　　　　　　　　　　　　　　Chapter 12

### DEBTORS' CHAPTER 12 PLAN OF REORGANIZATION DATED NOVEMBER 9, 2007

COMES NOW the debtor, and propose this as his Chapter 12 Plan of Reorganization.

1. **PROPONENTS**: Mark Couchman hereby proposes his plan of adjustment of his debts pursuant to Chapter 12, Title 11 United States Code. All terms herein shall have the definitions used in the Bankruptcy Code, the federal rules of bankruptcy procedures and the local rules of the United States Bankruptcy Court for the District of Kansas.

2. **SUBMISSION OF INCOME**: Except as specifically provided herein, the debtor shall pay to the trustee such portion of his earnings and other future income as is necessary for the execution of this plan; provided however, in no event shall the portion of debtor's earnings and other future income paid to the trustee be less than the debtor's disposable income. Such payments shall be made for the shorter of three years or such time as is necessary to satisfy all allowed unsecured claims. The payments will be made annually or as otherwise herein provided in the attached exhibits. Debtor's ability to make the payments as specified herein to secured creditors and to have disposable income available for the distribution to their unsecured creditors, is demonstrated by the cash flow summary attached hereto marked Exhibit B and made a part hereof by reference.

**FORKER,
SUTER
& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

3. **VESTING OF ASSETS**: Except as hereafter specified in the plan, confirmation of this plan shall vest in the debtor, free and clear of all liens and encumbrances, all assets of the debtor's estate.

4. **PRIORITY CREDITORS**: Creditors holding claims entitled to priority under 11 U.S.C. §507 shall be paid in full in deferred cash payments as set out in Exhibit A(1) hereto.

5. **CLASSIFICATION AND TREATMENT OF SECURED CREDITORS**: Creditors holding claims secured in part or in full by an interest in property of the estate shall be classified and treated as set forth in Exhibit A(2) hereto. In all cases, the debtor has established the value of each secured creditor's claim, based upon the values set forth in the attached appraisal for farm machinery and equipment attached hereto and marked Exhibit B(1).

6. **CLASSIFICATION AND TREATMENT OF UNSECURED CREDITORS**: Creditors holding unsecured claims (including the unsecured claims of undersecured creditors), except those entitled to priority under 11 U.S.C. §507, shall be classified and treated as set out in Exhibit A(3) hereto.

7. **EXECUTORY CONTRACTS**: All executory contracts or leases not previously rejected by the debtor are hereby assumed.

8. **CURE OF DEFAULTS**: No cure of defaults is provided for under this plan except by the payment of plan payments.

9. **APPLICATION OF PAYMENTS**: The trustee shall apply all payments made on behalf of the debtor, after deduction of the statutory fees, in the following order:

(a) First, to the payments to secured creditors specified in Exhibit A(2);

(b) Second, prorata to the payment of claims entitled to priority under 11 U.S.C. §507 as specified in Exhibit A(1); and

(c) Finally, prorata to the payment of all unsecured and undersecured claims.

**FORKER,**
**SUTER**
**& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

10. <u>EFFECTIVE DATE</u>: The plan shall become effective thirty (30) days after the entry of the order of confirmation by the United States Bankruptcy Court.

11. <u>EFFECT OF CONFIRMATION</u>: The court shall retain jurisdiction of the assets of the estate pending the debtor's discharge. The debtor may seek modification of the plan after confirmation pursuant to 11 U.S.C. §1229 upon such notice as the court shall direct. Confirmation shall bind the debtor, each creditor and each equity security holder as provided in 11 U.S.C. §1227. Except as provided by separate court order, confirmation of the plan shall continue to act as a stay of any action against the debtor or property of the estate of the debtor.

12. <u>DISCHARGE</u>: Upon completion of all payments provided for under the plan, the debtor shall be discharged by the court except as provided in 11 U.S.C. §1228(a).

                                            MARK COUCHMAN
                                            Debtor

APPROVED:

FORKER, SUTER & ROSE
Attorneys for Debtor

By   s/ Dan W. Forker, Jr.
     Dan W. Forker, Jr.     SC #6442
     129 West Second - P.O. Box 1868
     Hutchinson, KS 67504-1868
     Phone: #(620) 663-7131

**FORKER, SUTER & ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**EXHIBIT A(1)**
**PRIORITY CLAIMS**

**CLASS 1:**  Class 1 shall consist of all priority claims of any priority creditor who may file an allowed claim prior to the date of confirmation. The following priority claims have been identified and will be paid as hereinafter set forth with regard to each claim;

(a)  The priority claim of the Law Firm of Forker, Suter & Rose for services rendered in the handling of this Chapter 12 reorganization case in the estimated amount of $15,000.00, and subject to the approval of this court upon application therefor, shall be paid during the duration of this Plan of Reorganization from debtor's disposable income. Trustee fees shall be added to said payments pursuant to the provisions of Chapter 12.

(b)  The priority claim of the Pawnee County Treasurer in the amount of $3,380.29 shall be paid in five (5) annual payments six (6) months from the date of the Order of Confirmation herein. Said payments shall be in the amount of $802.47 which shall include accrued interest thereon at the rate of six percent (6%) per annum from the date of confirmation until paid. Trustee fees shall be added to said payments pursuant to the provisions of Chapter 12.

**FORKER,**
**SUTER**
**& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

## EXHIBIT A(2)
## SECURED CREDITORS

**CLASS 1:** Class 1 shall consist of the secured claim of Bank of the West which is based upon a mortgage and security agreements and having a principal balance of $173,902.01 as of the date of filing the debtor's petition for relief and with interest accruing thereon at the rate of 7.357% per annum. This note is secured by a mortgage on the following real property:

> The East Half (E/2) and the Southwest Quarter (SW/4) of Section Twenty-five (25), Township Twenty (20) South, Range Nineteen (19) West of the 6th P.M., Pawnee County;

and a security interest in the following described property:

> All of debtor's machinery and equipment.

The real and personal property securing said claim has a value in excess of the amount of the claim, and this claim shall be paid in full and modified only as to rate and term herein. This class shall be paid on the following basis:

> Twenty-five (25) annual payments commencing August 1, 2008, and on the first day of each succeeding August until paid shall be paid by the debtor in the amount of $15,405.67. This payment is based upon a 25 year amortization of the value of the real estate at the date of confirmation at 7.357% per annum. The debtor may prepay this obligation without penalty. Bank of the West will retain its lien upon the property until $173,902.01 is paid in principal plus accrued interest at which time the lien shall be forthwith released.

**FORKER,**
**SUTER**
**& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**CLASS 2:** Class 2 shall consist of the secured claim of Bank of the West which is based upon security agreements and having a principal balance of $103,696.24 as of the date of filing the debtor's petition for relief and 7.357%. This note is secured by a security interest in the following personal property:

> Cattle; and
> All of debtor's machinery and equipment.

The personal property securing said claim has a value equal to the amount of the claim, and this claim shall be paid in full and modified only as to rate and term herein. This class shall be paid on the following basis:

> Seven (7) annual payments commencing August 1, 2008, and on the 1st day of each succeeding August until paid in full. Said annual payments shall be in the amount of $19,577.88. This payment is based upon a 7 year amortization of the value of the personal property at the date of confirmation at 7.357% per annum. The debtor may prepay this obligation without penalty. Bank of the West will retain its lien upon the property until $103,696.24 is paid in principal plus accrued interest at which time the lien shall be forthwith released.

**FORKER,**
**SUTER**
**& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**CLASS 3:** Class 3 shall consist of the claim of the Bank of the West for reimbursement of its cash collateral held by the debtor at the time of the filing of the debtors' petition for relief in the amount of $35,000.00. Said cash collateral represented the proceeds of calf sales, upon which said creditor was secured. Pursuant to the terms of a previously entered Order Granting Motion for Authority to Use Cash Collateral filed herein, debtor will repay the debt as follows:

> (a) Five (5) equal payments during the operation of his Chapter 12 Plan of Reorganization with interest at the rate of five percent (5%) per annum. Said payments are estimated to be in the amount of $8,084.11, commencing November 1, 2007, and each year thereafter until five (5) such payments have been made.

> (b) Until this creditor has been repaid the full amount of its cash collateral used by the debtor, this creditor shall retain a first security interest in all of debtors' growing crops and cattle. Furthermore, during the period of said repayment, debtor shall maintain insurance on all calf crops in the maximum amount obtainable with this creditor as shown as a loss payee thereon.

> (c) Upon the repayment in full of said cash collateral as set forth in the preceding paragraphs, this creditor shall release its security interest in debtors' cattle.

**FORKER,
SUTER
& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

7

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**CLASS 4:** Class 4 shall consist of the secured claim of Bank of the West which is based upon a mortgage and security agreements and having a principal balance of $45,576.20 as of the date of filing the debtor's petition for relief and with interest accruing thereon at the rate of 7% per annum. This note used for operating expenses is secured by a mortgage on the following real property:

> East Half (E/2) and the Southwest Quarter (SW/4) of Section Twenty-five (25), Township Twenty (20) South, Range Nineteen (19) West of the 6th P.M., Pawnee County;

and a security interest in the following described property:

> All of debtor's machinery and equipment.

The real and personal property securing said claim has a value in excess of the amount of the claim, and this claim shall be paid in full less the amount paid for the cash collateral and modified only as to rate and term herein. This class shall be paid on the following basis:

> Seven (7) annual payments commencing August 1, 2008, and on the first day of each succeeding August shall be paid by the debtor in the amount of $1,962.45 until paid. This payment is based upon a 7 year amortization of the value of the real estate at the date of confirmation at 7% per annum. The debtor may prepay this obligation without penalty. Bank of the West will retain its lien upon the property until $45,576.20 in principal and accrued interest has been paid at which time the lien shall be forthwith released.

**FORKER,
SUTER
& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**CLASS 5**: Class 5 shall consist of the secured claim of Bucklin National Bank, N.A. which has a balance remaining of $111,721.23, according to the proof of claim filed herein on June 21, 2007. This claim is secured by a security interest in following described personal property:

> 2 semi-trucks with grain trailers;

and a mortgage upon the following described real estate:

> North Half (N/2) of Section Eighteen (18), Township Twenty-two (22) South, Range Eighteen (18) West of the 6th P.M., Pawnee County

The personal property securing said claim has a value of $16,500.00. This portion of this class shall be treated as undersecured and repaid as follows:

> (a) Pursuant to a previously filed order for adequate protection, semi-annual payments of $825.00 shall be due September 10, 2007, and March 10, 2008, or until such time as a plan has been confirmed.
>
> (b) The personal property portion of this secured claim shall be in the sum of $16,500.00, which shall be paid in five (5) annual payments commencing December 1, 2008, and on the first day of each succeeding December until paid in full. Said annual payments shall be in the amount of $3,721.19 and are based upon a five (5) year amortization of the value of the personal property as of the date of confirmation at 6% interest per annum.

The real property securing said claim has a value equal to the remaining amount of the claim, and this claim shall be paid in full and modified only as to rate and term herein. This class shall be paid on the following basis:

> (c) The real estate portion of this secured claim shall be in the sum of $95,221.23, which shall be paid in twenty-five (25) annual payments commencing August 1, 2008, and on the first day of each succeeding August until paid in full. Said annual payments shall be in the amount of $7,448.84 and are based upon a twenty-five (25) year amortization of the value of the real property as of the date of confirmation at 6% interest per annum. The debtors may prepay this obligation without penalty. Bucklin National Bank will retain its lien upon the above described real property until the principal amount of $95,221.23 has been paid, at which time the lien shall be forthwith released.

**FORKER,
SUTER
& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**CLASS 6:** Class 6 shall consist of the secured claim of Nuvell Credit Company, which is based upon a purchase money security agreement between the debtor and said creditor, and is secured by a security interest in the following described personal property:

2005 Chevrolet Trailblazer

The personal property securing this claim is valued at $13,000.00. This class shall be treated as undersecured and repaid to the extent of the value of said personal property securing said claim on the following basis:

a) Pursuant to a previously filed order for adequate protection, monthly payments of $140.00 shall be due August 15, 2007, and each month thereafter until such time as a plan has been confirmed.

b) Five (5) annual payments commencing August 15, 2008, and each August 15 thereafter until $12,440.00 plus interest at 7% per annum has been paid. Said annual payments shall be in the amount of $3,034.00 and are calculated based upon five (5) year amortization of the value of said secured claim of $12,440.00 at 7% per annum interest.

**CLASS 7:** Class 7 shall consist of the secured claim of Credit Union of Dodge City, which is based upon a purchase money security agreement between the debtor and said creditor, and is secured by a security interest in the following described personal property:

2001 Dodge 2500 SLT Quad Cab

The personal property securing this claim is valued at $11,370.00 according to the Kelly Blue Book value attached hereto and made a part hereof by reference. This class shall be treated as undersecured and repaid to the extent of the value of said personal property securing said claim on the following basis:

a) Pursuant to a previously filed order for adequate protection, semi-annual payments of $2,389.24 shall be due the August 1, 2007.

b) Five (5) annual payments commencing August 1, 2008, and each August 1 thereafter until $11,370.00 plus interest at 7% per annum has been paid. Said annual payments shall be in the amount of $2,773.04 and are calculated based upon five (5) year amortization of the value of said secured claim of $11,370.00 at 7% per annum interest without reduction for the adequate protection payment of $2,389.24 provided for in subparagraph (a) hereof.

**FORKER,**
**SUTER**
**& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**CLASS 8:** Class 8 shall consist of the secured claim of Deere & Company, and has a remaining balance of $128,314.92 according to the proof of claim filed herein on May 30, 2007. This claim is secured by a security interest in following described personal property:

> John Deere 8100 Tractor
> John Deere 925F Platform
> John Deere 650 32' Disk
> 2 John Deere 9610 Combines
> New Holland Swather
> Great Plains 30' SS Drill

The real and personal property securing said claim has a value equal to the amount of the claim, and this claim shall be paid in full and modified only as to rate and term herein. This class shall be paid on the following basis:

> Seven (7) annual payments commencing August 1, 2008, and on the first day of each succeeding August until paid shall be paid by the debtor in the amount of $22,985.70. This payment is based upon a 7 year amortization of the value of the personal property listed above at the date of confirmation at 6% per annum. The debtor may prepay this obligation without penalty. Deere & Company will retain its lien upon the property until $128,314.92 is paid in principal at which time the lien shall be forthwith released.

**CLASS 9:** Class 9 shall consist of the secured claim of Countrywide Home Loans, which had a balance of $40,042.44 at the time of the filing of this bankruptcy and based upon a mortgage. This claim shall be modified and repaid as follows:

> Fifteen (15) annual payments commencing December 1, 2007, and on the 1st day of each succeeding December until paid in full. Said annual payments shall be in the amount of $4,122.73. This payment is based upon a 15 year amortization of the value of the personal property at the date of confirmation at 6% per annum. The debtor may prepay this obligation without penalty. Contrywide will retain its lien upon the property until $40,042.44 is paid in principal plus accrued interest at which time the lien shall be forthwith released.

FORKER,
SUTER
& ROSE
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

IN RE:
MARK COUCHMAN
CHAPTER 12, CASE #07-11101

**CLASS 10**: Class 10 shall consist of the secured claim of Kerri Barnard, which had a balance of $25,714.00 at the time of the filing of this bankruptcy, but has since has been reduced with subsequent payments made by the debtor. Said indebtedness is secured by a mortgage on debtor's home. This secured claim shall be treated as wholly secured and repaid on the basis of the agreement entered into between this creditor and the debtor, which provides for annual payments. No modification of this indebtedness is herein provided and the payments required to be made shall be made directly to the creditor. No trustee's fees will be provided for with regard to this claim. Kerri Barnard will retain her lien on the subject real property until the balance in full has been paid, at which time the lien shall be forthwith released.

**TRUSTEE'S FEE**: An increment equal to 11.11111% or such fee as provided for in 28 U.S.C. §586 of the payment being tendered shall be tendered by the debtors to the Trustee in addition to the payments set forth and this amount shall be paid as Trustee fees pursuant to the provision of Chapter 12.

**FORKER,**
**SUTER**
**& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

# EXHIBIT A(3)

## CLASSIFICATION AND TREATMENT OF UNSECURED CLAIMS

There shall be a single class of unsecured claims consisting of the claim of any unsecured creditor who may file an allowed claim by September 12, 2007. Unsecured claims shall be paid prorata from the disposable funds remaining after payment of the other claims provided for by the Plan for a period not to exceed three (3) years after confirmation. Provided, however, during the term of this plan said payment shall in no case be less than any funds on hand by the debtor debtors on the date of confirmation not subject to security interest and exemption claims.

Unsecured creditors shall be paid the full amount required to be paid to them pursuant to 11 U.S.C. §1225(a)(4) and subject to the limitations contained in 11 U.S.C. §1225(c), as follows:

1. By and pursuant to the terms of an Order of Confirmation to be entered herein, the Couchman Creditors' Trust shall be created.

2. Said trust as above referred to shall hold a second mortgage interest in the following described real property:

> East Half (E/2) and the Southwest Quarter (SW/4) of Section Twenty-five (25), Township Twenty (20) South, Range Nineteen (19) West of the 6th P.M., Pawnee County;
>
> North Half (N/2) of Section Eighteen (18), Township Twenty-two (22) South, Range Eighteen (18) West of the 6th P.M., Pawnee County; and
>
> 305 Smith Street, Rozel, Kansas;

and a security interest in all of the debtors' machinery, equipment and livestock.

3. Said mortgage and security interest shall secure the payment of the sum of $47,336.53 to said trust (subject to reduction as hereinafter more specifically set forth).

4. Said sum plus interest (or any reduced amount as hereinafter more specifically set forth), shall be repayable on a fifteen (15) year amortization in annual payments of $4,257.50, commencing December 31, 2008, and on the 31st day of December of each year thereafter until fifteen (15) such payments have been made, or until the full amount of said indebtedness, as hereinafter more specifically adjusted, has been paid.

5. Those unsecured creditors filing claims herein shall be entitled to a prorata share of said payments to said trust, secured by said mortgages and security

FORKER,
SUTER
& ROSE
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131

interest, which shall not be more than the full amount of their allowed unsecured claim, plus interest at four percent (4%) per annum, nor less than their prorata share of the trust fund so created after reduction for Trustee's fees is hereinafter set forth.

6. The Standing Chapter 12 Trustee shall be entitled to his Trustee's fees calculated based upon a percentage in an amount equal to the fee allowed under 28 U.S.C. §586 of the allowed unsecured claims, but not to exceed an amount equal to the fee allowed under 28 U.S.C. §586.

7. The funds so paid by the debtors to said trust shall be applied:

(a) first, toward the payment in full of all trustee's fees calculated as set forth in the preceding paragraph;

(b) second, toward the payment to the unsecured creditors of their allowed unsecured claims in the amount of their prorata share of said trust funds as set forth in the preceding paragraphs.

8. In the event that the allowed unsecured claims, plus Trustee's fees, are less than $47,336.53, then the amount of indebtedness required to be paid by the debtors to said trust shall be reduced to an amount equal to the allowed unsecured claims plus Trustee's fees in an amount equal to the fee allowed under 28 U.S.C. §586, and re-amortized based upon four percent (4%) interest and a fifteen (15) year amortization of such amount.

DWF/sb (couchman678)

**FORKER,
SUTER
& ROSE**
Attorneys at Law
129 West Second
Suite 200
P.O. Box 1868
Hutchinson, Kansas
67504-1868
(620) 663-7131