**SO ORDERED.**

**SIGNED this 02 day of December, 2008.**



ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

MARK COUCHMAN,                         DEBTOR.

Case # 07-11101
Chapter 12

### ORDER OF CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 12 DATED NOVEMBER 9, 2007

This matter comes on regularly for hearing upon the confirmation of the debtor's plan of reorganization. The following parties appear:

(a)     The debtor appears by and through his attorney, Dan W. Forker, Jr. of Forker, Suter & Rose.

(b)     Bank of the West appears by and through its attorney, Martin W. Bauer of Wallace, Pringle, Oliver, Wallace & Bauer, LLP.

(c)     Countrywide Home Loans, Inc. appears by their attorneys, Chelsea S. Herring of South & Associates, P.C.

(d)     Deere & Company appears by its attorney, William A. Wells of Young, Bogle, McCausland, Wells & Blanchard, P.A.

(e) Kerri Banard appears by her attorney, Elizabeth A. Carson of Bruce, Bruce & Lehman, LLC.

(f) The Credit Union of Dodge City appears by its attorney, Eric D. Bruce of Bruce, Bruce & Lehman, LLC.

(g) The standing Chapter 12 trustee, Edward J. Nazar, appears in person.

WHEREUPON, THE COURT FINDS:

1. That the debtor-in-possession submitted his initial Plan of Reorganization on November 9, 2007. That notices of the Plan, notices of hearing on the Plan, and objection date were submitted to all parties of interest and creditors.

2. That subsequent thereto, the following objections to the proposed Plan were filed:

(a) Bank of the West, for the reasons therein stated.

(b) Countrywide Home Loans, Inc. for the reasons therein stated.

(c) Deere & Company for the reasons therein stated.

(d) Kerri Banard for the reasons therein stated.

(e) Credit Union of Dodge City for the reasons therein stated.

3. That all objections to the proposed Plan have been resolved or overruled, the Plan as submitted or an amended Plan as submitted complies or complied with 11 U.S.C. §1222 and 11 U.S.C. §1225, specifically:

(a) That the Plan has been submitted in good faith.

(b) That all fees, charges or amounts required under Chapter 123 of Title 28 have been paid.

(c) That the value as of the effective date of the Plan (the date of confirmation) of the property to be distributed under the Plan on the account of each allowed unsecured claim is not less than the amount each allowed unsecured claim would be paid if the estate were liquidated under Chapter 7.

(d) Each allowed secured creditor has accepted the Plan or Amended Plan as proposed, or the court has overruled any objections to the proposed Plan by such

creditor or such creditor has failed to object to the Plan as submitted; that the holder of such claim retains its lien securing such claim and that the value to be distributed by the trustee under the Plan to each secured creditor is not less than the allowed amount of such secured claim, or the debtor under the Plan forth with surrenders the property securing the allowed claim.

(e) That the debtor will be able to make all payments under the Plan and to comply with the Plan.

(f) That the value of the property to be distributed to each unsecured creditor is not less than the amount of such claim; or the Plan provides that all of the debtor's proposed disposal income to be received in the three year period (beginning on the date of the first payment that is due under the Plan) will be applied to make the payments under the Plan.

4. That the Plan as approved provides for the following payments:

(a) <u>Administrative expenses</u>:

The priority claim of the law firm of Firm of Forker, Suter & Rose, for services rendered in the handling of this Chapter 12 Reorganization case, subject to the approval of the court of said fees upon proper application shall be paid during the term of debtor's Plan of Reorganization. The unpaid portion of any such allowed fees shall also require the payment of trustee's fees as hereinafter provided.

(b) <u>Priority expenses</u>:

The priority claim of the Pawnee County Treasurer in the amount of $3,380.29 shall be paid in five annual payments, with the first of such payments due six months after the entry of this order of confirmation. Said payments shall be in the amount of $802.47, which shall include accrued interest thereon at the rate of six percent (6%) per annum from the date of confirmation until paid. Trustee's fees shall be added to said payments pursuant to the provisions of Chapter 12.

(c) <u>Secured creditor payments</u>:

**Class 1 Secured Creditor.** Class 1 secured creditor shall consist of the real estate secured claim of Bank of the West, which is secured by a mortgage to this Class 1 secured creditor on the real estate as described in debtor's Plan of Reorganization, together with specific items of debtor's machinery and equipment. This Class 1 claim shall be paid in full but modified as follows:

1. This creditor's Class 1 secured claim shall be in the amount of $173,902.01 and shall be paid on a 25 year amortization with the first payment due August 1, 2008 and on the first day of each August thereafter, with the entire remaining balance becoming due and payable in full on the

10th year after the entry of the Order of Confirmation, with a final balloon payment of $137,203.56. The annual payments due thereon shall be in the amount of $15,405.67, which is based upon a 25 year amortization of the value of the amount of such claim with interest thereon at 7.35% per annum. The debtor may prepay this obligation without penalty. The Bank of the West will retain its lien upon the real and personal property securing said claim until $173,902.00 in principal plus accrued interest has been paid, at which time said lien shall be forthwith released.

2.    All provisions of the contract between the debtor and this creditor, except as herein specifically modified, are to remain in full force and effect; including the default provisions related to attorneys' fees and default interest.

This Class 1 secured indebtedness has been modified as to the terms herein provided, and the payments due herein as above described shall additionally require trustee's fees to be paid to the standing Chapter 12 trustee in addition to the payments above described.

**Class 2 Secured Creditor.** Class 2 shall consist of the secured claim of Bank of the West which has a principal balance of $175,761.23, which includes the balance remaining due on the debtor's indebtednesses to the Bank of the West, together with attorney's fees in the amount of $6,000.00. This creditor's Class 2 claim is secured by mortgage and security interest in all of the debtor's property described in Classes 1 and 2 of debtor's Plan of Reorganization consisting of the real estate described in Class 1 of debtor's Plan of Reorganization, together with all of debtor's cattle, machinery and equipment.

The real and personal property interest securing said claim has a value equal to the amount of the claim, and this claim shall be paid in full but modified as to rate and term as hereinafter set forth. This class shall be paid on the following basis:

1.    Bank of the West shall be paid on its Class 2 claim $175,761.23 in seven (7) annual payments with interest thereon at six percent (6%) per annum. Said payments shall be in the amount of $31,485.00 with the first payment due on November 1, 2008. Annual payments will thereafter be due on the 1st day of August each year thereafter until seven (7) such payments have been made and this creditor has received payment of $175,761.23, plus interest thereon at six percent (6%) per annum, at which time Bank of the West's lien on said real and personal property shall be released.

2.    This creditor's Class 2 secured claim shall be cross-collateralized with the property standing as security for Bank of the West's Class 1 secured claim provided, however, the cross-collateralization of this creditor's Class 2 claim with the collateral listed in this creditor's Class 1 claim shall terminate upon the completion of the payments provided for this Class 2 claim and, thereafter, this

creditor's Class 1 claim shall be collateralized only by the real estate and specific items of machinery and equipment listed as collateral for that loan in the loan documentation.

3. All provisions of the contract between debtor and this credit, except as herein specifically modified, are to remain in full force and effect; including the default provisions related to attorneys' fees and default interest.

4. This Class 2 secured indebtedness has been modified as to the terms herein described, and the payments due herein as above described shall additionally require trustee's fees to be paid to the standing Chapter 12 trustee.

**Class 3 Secured Creditor.** Class 3 shall consist of the claim of the Bank of the West for reimbursement for cash collateral held by the debtor at the time of the filing of debtor's petition for relief. The amounts due this creditor for its Class 3 claim have been combined with the Class 2 claim of this creditor, and this creditor shall not be entitled to any compensation for its Class 3 claim, which has otherwise been satisfied.

**Class 4 Secured Creditor.** Class 4 shall consist of the secured claim of the Bank of the West, which is also collateralized by a real estate mortgage on the same real estate standing as collateral for this creditor's Class 1 claim, and all of the debtor's machinery and equipment. The amounts consisting of this creditor's Class 4 claim have been combined with this creditor's Class 1 and 2 claims, and this creditor is not entitled to any recovery or payment by reason of its Class 4 claim.

**Class 5 Secured Creditor.** Class 5 shall consist of the secured claim of Bucklin National Bank, N.A., which has a balance remaining of $111,721.23 according to the Proof of Claim filed herein by said creditor, and is secured by the real and personal property described in debtor's Plan of Reorganization. This claim shall be treated as undersecured and modified to be repaid as follows:

1. The personal property portion of this claim is secured by the personal property described in debtor's Plan of Reorganization, having a value of $16,500.00. This portion of this class shall be repaid as follows:

   (a) Pursuant to a previously filed adequate protection order, semiannual payments of $825.00 due September 10, 2007, March 10, 2008 and each six (6) months thereafter until the entry of this Order of Confirmation.

   (b) Upon the entry of the Order of Confirmation herein, this secured claim shall be paid in the sum of $16,500.00, less the total of all adequate protection payments previously made herein, and the remaining balance paid in five (5) annual payments commencing

December 1, 2008 and on the 1st of each succeeding December until paid in full. Said annual payments shall be in the amount of $3,721.19 based upon a five (5) year amortization of said amount with interest thereon at the rate of six percent (6%) per annum.

2. The real property portion of this claim has a value equal to the remaining balance of this claim and shall be paid in full but modified as to rate and term as set forth in debtor's Plan of Reorganization. This class shall be paid on the following basis:

$95,221.23 shall be paid in twenty-five (25) annual payments commencing August 1, 2008 and on the 1st day of each succeeding August until paid in full. Said payments shall be in the amount of $7,448.84 based upon a 25 year amortization of $95,221.23 at six percent (6%) interest per annum. The debtor may prepay this obligation without penalty. Bucklin National Bank will retain its lien upon the above described property until the principal amount of $95,221.23, together with interest accruing thereon as set forth above, has been paid, at which time the lien will be released.

3. This Class 5 secured indebtedness has been modified as to the terms herein, and the payments due herein as above described shall additionally require trustee's fees to be paid to the standing Chapter 12 trustee.

**Class 6 Secured Creditor.** Class 6 shall consist of the secured claim of Nuvell Credit Company, which is based upon a purchase money security agreement between the debtor and said creditor, secured by the following described personal property:

2005 Chevrolet Trailblazer

The personal property securing this claim is valued at $13,000.00, and this class is undersecured and shall be repaid to the extent of the value of said personal property on the following basis:

1. Pursuant to a previously filed order of adequate protection, monthly payments of $140.00 shall be due on August 15, 2007 and each month thereafter until such time as the entry of this Order of Confirmation.

2. Five (5) annual payments commencing August 15, 2008 and each August 15 thereafter until $13,000.00, less all adequate protection payments previously made herein, plus interest at seven percent (7%) per annum, has been paid. Said annual payments shall be in the amount of $3,034.00 and calculated based upon the five (5) year amortization of said balance at seven percent (7%) per annum.

3.  This Class 6 secured indebtedness has been modified as to rate, terms and amount, and the payments due herein as above described shall additionally require trustee's fees to be paid to the standing Chapter 12 trustee.

**Class 7 Secured Creditor.** Class 7 shall consist of the secured claim of the Credit Union of Dodge City, which is based upon a purchase money security agreement between the debtor and said creditor, and is secured by a security interest in the following described personal property:

    2001 Dodge 2500 SLT quad cab

The property securing this claim, together with additions thereto, is valued at $16,625.00. This class shall be treated as undersecured and repaid to the extent of the value of said personal property on the following basis:

1. Pursuant to a previously filed order of adequate protection, semiannual payments of $2,389.24 were to have been made August 1, 2007 and each six (6) months thereafter; some of those payments did not get made timely.

2. As of November 1, 2008, the remaining balance due on the secured claim of the Credit Union is $15,.838.31, plus interest accrued at 6.5% per annum from the last payment on February 9, 2008. This balance of $15,838.31, will be paid in five (5) annual payments commencing August 1, 2008 and each August 1 thereafter until $15,838.31, plus interest at seven percent (7%) per annum, has been paid. Said annual payments shall be in the amount of $3,863.38, based upon a five (5) year amortization of $15,838.31, at seven percent (7%) per annum. The adequate protection payments made pursuant to the previously entered order have been credited against the balance due hereunder.

3. This Class 7 secured claim of the Credit Union of Dodge City has been modified as to the terms herein, and the payments due herein shall additionally require trustee's fees to be paid to the standing Chapter 12 trustee.

**Class 8 Secured Creditor.** Class 8 shall consist of the secured claim of Deere & Company having a remaining balance of $129,658.92 according to the Proof of Claim filed herein by said creditor. This claim is secured by security interests in the following described personal property:

    John Deere 8100 tractor

    John Deere 925 F platform

    John Deere 650 32' disk

7

Case 07-11101   Doc# 132   Filed 12/02/08   Page 7 of 13

> Two (2) John Deere 9610 combines
>
> New Holland swather
>
> Great Plains 30' SS drill
>
> Vermer baler
>
> John Deere 930 header
>
> John Deere 930 header

The personal property securing said claim has a value equal to the amount of said claim, which shall be paid and modified only as to rate and term as follows:

1. Twelve (12) semiannual payments in the amount of $13,025.78 commencing December 31, 2007. This payment is based upon a six (6) year amortization of the value of this claim with semiannual payments, and with interest therein at six percent (6%) per annum. Payments made by the debtor prior to the entry of this Order of Confirmation have been made pursuant to an Agreed Order for Adequate Protection previously entered herein and shall be credited against the debtor's obligation to repay this claim. Debtor may pre-pay this obligation without penalty. Deere & Company will retain its lien on the above described property until $129,658.92 together with interest has been paid, at which time the lien shall be forthwith released.

2. This Class 8 secured claim has been modified as to the terms herein, and the payments due herein above described shall additionally require trustee's fees to be paid to the standing Chapter 12 trustee.

**Class 9 Secured Creditor.** Class 9 shall consist of the secured claim of Countrywide Home Loans, having a balance of $40,042.44 and is fully secured but modified as to rate and terms as hereinafter provided:

1. This creditor shall receive fifteen (15) annual payments commencing December 1, 2007 and on the 1st day of each succeeding December until paid in full. Said annual payments shall be in the amount of $4,122.73 and are based upon a fifteen (15) year amortization of the balance of said claim, with interest thereon at six percent (6%) per annum. The debtor may pre-pay this obligation without penalty. Countrywide will retain its lien upon the property until $40,042.44 in principal plus accrued interest has been paid, at which time said lien shall be forthwith released.

2. This creditor's prior objections to the confirmation of debtor's Plan of Reorganization have been withdrawn pursuant to the terms of an agreed order filed

herein providing that the debtor shall pay taxes and insurance directly to the taxing authorities and to the insurance company, and that failure to pay taxes and insurance shall be an element of default of the debtor's obligations to this creditor.

3.   This Class 9 secured indebtedness has been modified as to the terms herein, and the payments due herein as above described shall additionally require trustee's fees to be paid to the standing Chapter 12 trustee.

**Class 10 Secured Creditor.** Class 10 consists of the secured claim of Kerri Banard, which had a balance of $25,714.00 at the time of the filing of this bankruptcy, but has since been reduced to subsequent payments. Said indebtedness is secured by a mortgage on the debtor's home and shall be treated as wholly secured and repaid on the basis of the agreement entered into between the creditor and the debtor. No modification of this creditor's claim is herein provided, and the payments required to be made shall be made directly to the creditor. No trustee's fees shall be provided for with regard to this claim. This creditor shall retain her lien upon the above described real property until the balance in full has been paid, at which time the lien shall be forthwith released.

**Classification and Treatment of Unsecured Claims.** There shall be a single class of unsecured and undersecured claims which shall be paid pro rata from the disposable funds remaining after the payment of other claims provided for in the Plan for a period not to exceed three (3) years after confirmation provided, however, said unsecured creditor shall be paid the full amount required to paid to them pursuant to 11 U.S.C. §1225(a)(4), and subject to limitations contained in 11 U.S.C. §1225(c). The minimum amount required to paid to said unsecured creditors shall be the amount of $7,317.44. Said payment to unsecured creditor shall be in an amount not less than $2,636.83, which is the minimum unsecured creditor payment required herein, paid in three (3) equal payments with interest thereon at four percent (4%) per annum as provided in debtor's Plan of Reorganization. The first of such payments shall be due December 31, 2009 and on the 31st day of each December thereafter until three (3) such payments have been made.

**Trustee's Fees.** The standing Chapter 12 trustee shall be entitled to trustee's fees calculated based on a percentage in an amount equal to the fee allowed under 28 U.S.C. §586, which shall be paid from the sums paid for the benefit of unsecured creditors before distribution thereto. The standing Chapter 12 trustee shall also be entitled to trustee's fees on all of the secured creditor claims as above denominated, which were modified pursuant to the terms of this Order of Confirmation.

5.   All secured creditors referred to in the preceding paragraphs who are secured by livestock, now existing or to be hereafter born, or growing crops, presently planted or to be hereafter planted, shall retain the lien herein set forth specifically until the payment in full of their

9

Case 07-11101   Doc# 132   Filed 12/02/08   Page 9 of 13

restructured indebtedness as set forth in the preceding paragraphs; provided, however, no such creditor shall be entitled to the proceeds of the sale of any such security securing their secured claim so long as the payments herein specified are made according to the terms hereof. This provision will be of no force and effect in the event of the default on the part of the debtor in the making of any of the payments as herein provided.

6. That in the event of material default under the Plan, the creditor and trustee shall be accorded the remedies as set forth in the preceding paragraphs, applicable to the various creditors and defining the rights of said creditors in the event of default, and further defining the perimeters of default entitling said various creditors to relief as previously set forth.

7. That pursuant to the provisions of 11 U.S.C. §1227, this order vests all of the property of the estate in the debtor upon the entry of an order of discharge herein, with the exception that any lien as determined for each allowed secured claim, of such secured creditor, shall be retained. All other unsecured assets of the debtor shall be free and clear of any claim or interest of any creditor provided for by the Plan upon the entry of an order of discharge herein.

8. That upon completion by the debtor of all payments under the Plan, other than payments to holders of allowed claims provided for under 11 U.S.C. §1222(b)(5) or 11 U.S.C. §1222(b)(9), the trustee shall file his final report and file a final accounting of administration under 11 U.S.C. §1202, and the court shall grant the debtor a discharge of all debts except those provided for under 11 U.S.C. §1222(b)(5) and 11 U.S.C. §1222(b)(9) and 11 U.S.C. §523.

9. That in the absence of the debtor designating in any payment to the trustee the intended recipient of the net proceeds (after subtraction of statutory trustee's fees), the trustee, in his discretion, may apply the net proceeds from the cash payments received to the oldest outstanding payment due any allowed creditor or claim under the Plan. That in the event that the

debtor shall make any partial payments to the trustee, the trustee may apply the net proceeds, after subtraction of statutory trustee's fees, to any such creditor.

10. That all payments to creditors to be made under the Plan, shall be made by the debtor to the trustee, and the trustee shall disburse such payments to the creditors under the provisions of 11 U.S.C. §1222 and 11 U.S.C. §1226(c). In the event that the debtor shall make payments to the creditors in contravention of this order, the trustee shall be entitled to compensation under the provisions of 28 U.S.C. §586(e)(1), as determined by the payments to be made under the Plan of such debtor. Payments to the trustee by the debtor shall be made in cash, cashier's check or by certified check. In the event that payments to the trustee are not made by cashier's check or certifiable funds, a sufficient period of time shall be allowed the trustee to negotiate the check and obtain collectable funds from the payments remitted by the debtor prior to distribution by the trustee.

11. That pursuant to 11 U.S.C. §2015(a)(5) and 11 U.S.C. §2015(a)(6), the debtor will file such reports as the trustee and creditors may reasonably request.

12. That this order may be modified only pursuant to the provisions of 11 U.S.C. §1229.

IT IS SO ORDERED.

### 

APPROVED:

FORKER, SUTER & ROSE
Attorneys for Debtor

By s/ Dan W. Forker, Jr.
    Dan W. Forker, Jr.    SC #6442
    129 W. 2nd, Suite E - P.O. Box 1868
    Hutchinson, KS 67504-1868
    Phone: #(620) 663-7131

WALLACE, PRINGLE, OLIVER, WALLACE & BAUER, LLP
Attorneys for Bank of the West


By s/ Martin W. Bauer
   Martin W. Bauer, SC # 8629
   100 North Broadway, Suite 500
   Wichita, Kansas 67202

SOUTH & ASSOCIATES, P.C.
Attorneys for Countrywide Home Loans, Inc.


By s/ Chelsea S. Herring
   Chelsea S. Herring
   6363 College Boulevard, Suite 100
   Overland Park, Kansas 66211


YOUNG, BOGLE, McCAUSLAND, WELLS & BLANCHARD, P.A.
Attorneys for Deere & Company


By s/ William A. Wells
   William A. Wells, SC # 6716
   106 West Douglas, Suite 923
   Wichita, Kansas 67202-3392
   (316) 265-7841

BRUCE, BRUCE & LEHMAN, LLC
Attorneys for Kerri Banard


By s/ Elizabeth A. Carson
   Elizabeth A. Carson
   P.O. Box 75037
   Wichita, Kansas 67275-5037
   (316) 264-8000

BRUCE, BRUCE & LEHMAN, LLC
Attorneys for the Credit Union of Dodge City

By s/ Eric D. Bruce
   Eric D. Bruce     SC # 9438
   P.O. Box 75037
   Wichita, Kansas 67275-5037
   (316) 264-8000

REDMOND & NAZAR, L.L.P.
Standing Chapter 12 Trustee


By Edward J. Nazar
   Edward J. Nazar     SC #9845
   245 N. Waco, Ste. 402
   Wichita, KS 67202
   (316) 262-8361